RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ALAN HOADLEY,<br><br>Defendant. | Case No. 1:22-cr-00056-DCN<br><br><br><br>**MOTION FOR PROTECTIVE ORDER** |

The United States of America, by and through, Rafael M. Gonzalez, Jr., United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney for the District of Idaho, hereby seeks an order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a protective order regarding the discovery in this case.

This Court has discretionary authority to enter protective orders regarding discovery pursuant to Rule 16, which states, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Accordingly, a "trial court can and should, where appropriate, place a defendant

and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *See Alderman v. United States*, 394 U.S. 165, 185 (1969). The movant bears the burden of establishing "good cause" for the requested protective order. *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

Presently, the government requests that the discovery be protected for the following reasons:

1. Counsel for the defendant will need a partially unredacted copy of the discovery in this case to aid his investigation and defense of this case; defendant is charged with a violation of deprivation of rights under color of law, which involves an ongoing investigation.

2. The discovery in this case is voluminous; currently, the discovery includes approximately 1,909 documents totaling 6,363 pages.

3. Currently, the discovery includes sensitive documents such as personnel records on numerous individuals, as well as documents containing information of victims, including personal identifiers, medical records, and reports of confidential sources, which also contain personal identifiers, such as addresses. Under the Crime Victims' Rights Act, a crime victim has, *inter alia*, "the right to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8); *United States v. McNeil*, 320 F.3d 1034, 1035 n.1 (9th Cir. 2003).

4. The government recognizes its duty to provide discovery to the defense in a timely manner. The government wishes to accommodate the

needs of defense counsel, while simultaneously meeting its obligation to protect the personal information and privacy of the third parties and victims. The government believes that both objectives may be met by a protective order restricting dissemination of the discovery to defense counsel, investigators, and those necessary to the defense.

The government, therefore, requests a protective order including in substance the following:

1. The government may produce, as necessary, unredacted material in discovery to the defense, including personal identifying information of the victim(s) and other individuals. These records contain, among other information, medical records, home addresses, and dates of birth. All materials that the government produces to the defense are solely for the use of the defendant, his respective attorney, or other individual or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others, including victims.

2. Defendant and his attorney, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of these materials to anyone not working on the defense of this criminal case, or from otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall

include showing and discussing such materials with government and defense witnesses, and the defendant.

3. Defendant, his attorney, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files or folders marked "UNDER PROTECTIVE ORDER—DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

4. Defendant and his attorney are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of trial in this case. A knowing and willful violation of this protective order by the defendant, his attorney, or others may result in contempt of court proceeding or other civil or criminal sanctions.

5. Within two years of the conclusion of this case, including all related appeals, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, the defendant's attorney may inform the United States Attorney's Office in writing that all such copies have been destroyed.

6. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

## CONCLUSION

Based on the above, the Government respectfully requests that the Court grant the requested motion.

Respectfully submitted this 5th day of April, 2022.

                                    RAFAEL M. GONZALEZ JR.
                                    UNITED STATES ATTORNEY
                                    By:

                                    */s/ Katherine L. Horwitz*
                                    KATHERINE L. HORWITZ
                                    Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2022, the foregoing GOVERNMENT'S MOTION FOR PROTECTIVE ORDER was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing: Charles Peterson, 671 E. Riverpark Lane, Suite 210, Boise ID 83706.