RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
KASSANDRA MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ALAN HOADLEY,<br><br>Defendant. | Case No. 1:22-cr-00056-DCN<br><br>**MOTION FOR TRIAL CONTINUANCE** |

The United States of America, by and through, Rafael M. Gonzalez Jr., United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorneys for the District of Idaho, seeks a 45-day trial continuance.

**Procedural Background**

Pursuant to pre-indictment negotiations with the Defendant and his counsel, the Government filed an Information charging the Defendant with deprivation of rights under color of law. The Defendant had agreed to plead guilty and had entered into an agreement with the Government on March 24, 2022. *See* ECF 1; Plea Agreement, ECF 2, at 1 (sealed). Shortly after entering into this agreement with Government, however, the

Defendant changed his mind. While admitting to the facts surrounding his use of excessive force, he nevertheless decided to withdraw his guilty plea. In light of this reneging on the parties' agreement, the Government presented the matter to the grand jury, which indicted the Defendant on charges of deprivation of rights under color of law and falsification of reports.[1] Superseding Indictment, ECF 3. At the April 19 initial appearance, trial was scheduled to be conducted 63 days later on June 21, 2022. No continuances have been requested or obtained.

## ARGUMENT

### I. The Government is entitled to continuity of counsel in the present matter and should be afforded a 45-day continuance while lead counsel is trying a separate matter for that period.

Undersigned counsel is lead counsel and has devoted substantial time in preparing this case for trial. She signed every filing on behalf of the Government in this case before this Court and was counsel assigned to assist law enforcement during its investigation. Undersigned counsel has likewise worked exclusively with victims and witnesses in this matter, including presentment of three days of grand jury testimony. Undersigned counsel has likewise exclusively worked in negotiations with the Defendant and his counsel, pre-indictment disclosure of discovery, as well as the production of the discovery in this case post-indictment.

Currently, counsel is expected to be lead counsel in another trial beginning May 18 through July 4 in a complex case: *United States v. Babichenko*, 2:18-CR-00258-BLW (D.

---

[1] The parties had entered into a one-month tolling agreement extending the limitations period for one month through April 2022. Accordingly, the Government could not wait until later in the Summer of 2022 to file the present charges.

Idaho). Accordingly, the Government seeks a 45-day continuance to ensure continuity of counsel in the present matter. The continuance would be warranted under an ends-of-justice finding pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The Government is entitled to continuity of counsel in this case. All the factors identified by the Ninth Circuit as relevant are present here:

- the District of Idaho is under-staffed due to the lack of an appointed U.S Attorney and several other factors; it has approximately 10 criminal prosecutors in Boise and is a small office[2];

- other qualified prosecutors are available, but only with significant re-organization and requests for extension in their own caseloads;

- Undersigned counsel has developed a unique understanding of the case that is not fungible; and

- finally, this case differs markedly from the usual cases prosecuted by the District of Idaho in terms of legal issues raised.

*See United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997). Given the complexity of the trial and the limited nature of the continuance requested, the interest in continuity of government counsel warrants a continuance. Moreover, this exact scheduling accommodation has been granted and approved. The Ninth Circuit has affirmed a district court's accommodation of trial scheduling based on a prosecutor's unavailability in other complicated cases. *See, e.g.*, *United States v. Turner*, 897 F.3d 1084, 1092, 1101–02 (9th Cir.

---

[2] The three attorneys currently assigned to the *Babichenko* trial team are prohibited from working on the prosecution team. A fourth AUSA is on paternity leave. Accordingly, the number of available attorneys is 4.

2018). The Defendant objects to the Government's present request for a 45-day continuance. He is not in custody. Given the short duration of the Government's request and the Government's interest in continuity of counsel in this case, Ninth Circuit precedent weighs in favor of granting the extension.

## CONCLUSION

In light of the reasons articulated herein, the Government respectfully requests that this Court reset the current June 21, 2022 trial date to the August 2022 trial docket.

As currently scheduled, the parties' pretrial motions are due on May 9. Pursuant to the general order deadlines, the Defendant's response to the present motion would also be due on May 9. Accordingly, to accommodate the impending deadlines, the Government seeks an expedited briefing schedule for the present motion as follows: (1) Defendant's response to the present motion due Wednesday, April 27; and (2) the Government's reply filed the following day on Thursday, April 28.

Respectfully submitted this 25th day of April, 2022.

RAFAEL M. GONZALEZ JR.
UNITED STATES ATTORNEY
By:

 /s/ *Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2022, the foregoing GOVERNMENT'S MOTION FOR TRIAL CONTINUANCE was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing: Charles Peterson, 671 E. Riverpark Lane, Suite 210, Boise ID 83706.