UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH ALAN HOADLEY, <br><br> Defendant. | Case No. 1:22-CR-00056-SWS <br><br><br> **ORDER GRANTING USA'S UNOPPOSED MOTION FOR TRIAL CONTINUANCE** |

This matter comes before the Court on the Government's Motion for Trial Continuance (ECF 24) and the Defendant's non-objection (ECF 27). Having considered the parties' positions and reviewed the record herein, the Court finds an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7).

    1.    Trial in this matter is currently set to commence on June 21, 2022. (ECF 20.)

    2.    An ends-of-justice continuance demands the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In determining whether an ends-of-justice continuance is warranted, the Court considers the four non-exclusive factors identified in § 3161(h)(7)(B), which are summarized as follows:

    (i)    Whether denying the requested continuance would make continuing the proceeding impossible or result in a miscarriage of justice;
    (ii)    Whether the case is so complex that it is unreasonable to expect the parties to be ready for trial in the time limits required under the Speedy Trial Act;
    (iii)    Where arrest precedes indictment, whether a delay in filing the indictment occurs because of the timing of the arrest or because the grand jury must weigh particularly unusual or complex facts; and

> (iv) Where a case is not so complex as to qualify under subsection (ii) above, whether denying the requested continuance would deny counsel to the defendant, would deny the defendant or government continuity of counsel, or would deny the defendant or government the reasonable time necessary to effectively prepare for trial, taking into account the parties' exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

3. The Defendant was indicted on one count of deprivation of rights under color of law and one count of destroying, altering, or falsifying records in federal investigations. (ECF 14.) He is on pretrial release (ECF 21), and he was charged by information prior to indictment (ECF 3.)

4. While perhaps not exceptionally complex, the unusual nature of this case supports additional time beyond that normally prescribed by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Additionally, the lead prosecutor has developed a unique understanding of the facts and procedural history of the case, and an ends-of-justice continuance is warranted to allow the Government continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). For these reasons, and despite the apparent due diligence by counsel, the Court finds the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS THEREFORE ORDERED** that the Government's Motion for Trial Continuance (ECF 24) is **GRANTED**. The jury trial currently set to begin on September June 21, 2021, is vacated and reset to commence on **September 19, 2022, at 9:00 a.m. in Boise Courtroom 2**. The parties shall continue to adhere to all provisions of the Criminal Procedural Order set forth in General Order #377.

**IT IS FURTHER ORDERED** that the Telephonic Pretrial Conference set for June 7, 2022, is vacated and reset for **September 13, 2022, at 8:15 a.m.**  Dial-in instructions will be supplied to counsel at a later date.

**IT IS FINALLY ORDERED** that the time between the date the Motion for Trial Continuance was filed (April 25, 2022) and the new trial date (September 19, 2022) shall be excluded from the speedy trial calculation in this case pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(7)(A).

**DATED:** April 29th, 2022.

Scott W. Skavdahl
United States District Judge