JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ALAN HOADLEY,<br><br>Defendant. | Case No. 1:22-cr-00056-DCN<br><br>**GOVERNMENT'S NOTICE OF INTENT TO PRESENT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)** |

The United States of America and Joshua D. Hurwit, United States Attorney for the District of Idaho, and Assistant United States Attorney, hereby provide this Notice of its Intent to Present Evidence Pursuant to Federal Rule of Evidence 404(b).[1] The Government intends to offer evidence related to Defendant Hoadley's other instances of striking arrestees who were handcuffed and bragging about such events to his fellow officers. Such evidence is probative of the Defendant's willful pattern of abusive use of force, knowledge, lack of mistake, and intent under Rule 404(b).

---

[1] This notice under Rule 404(b) is not a motion to admit the evidence. Accordingly, any objection by defense counsel to its admission should be addressed in a motion in limine.

GOVERNMENT'S RULE 404(B) NOTICE—1

# INTRINSIC EVIDENCE AND RULE 404(B)

"[P]olicies underlying Rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant is indicted for less than all his actions." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). This evidence—deemed "intrinsic" as inextricably intertwined to the crime and, therefore, not subject to Rule 404(b)—may take one of two forms: (1) evidence constituting a part of a transaction that is the basis for the criminal charges; and (2) evidence that is necessary for the Government to present a coherent and comprehensible story to the jury of the events relevant to the criminal charges. *Id.* at 1012–13.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). If such evidence is offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," however, it may be admitted. Fed. R. Evid. 404(b)(2). When offered for such purposes, a district court must still ensure: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its prejudicial effect under Rule 403; and (4) a proper limiting instruction can be given if requested by the defendant. *See United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991). Importantly, "Rule 404(b) is considered to be 'an inclusive rule, admitting all evidence of other crimes or acts except that which tend to prove only criminal disposition.'" *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999).

# EVIDENCE NOTICED HEREIN

On multiple occasions relevant to the present matter, Hoadley punched arrestees and detainees in the head while they were detained and handcuffed—and even bragged about doing so to his fellow officers. As detailed below, the Government herein notices several such past events under Federal Rule of Evidence 404(b) as a pattern of retaliative and abusive use of force. Hoadley's assault of a handcuffed arrestee B.H. on March 30, 2017, serves as the basis for the current charges in Counts One and Two. At trial, the jury must decide whether Hoadley willfully deprived B.H. of his constitutional right to be free from excessive force during his arrest. Accordingly, the Government now provides notice of its intention to offer evidence of abusive and intentional use of excessive force under Rule 404(b) as probative of Hoadley's willfulness and pattern of using force to punish.

At trial, the Government may offer the following evidence under Rule 404(b) and provides notice of this intention herein:

1. **Choking Arrestee**

While policing in 2012 and 2013, Officer 1[2] observed Hoadley use excessive force on a detainee. Specifically, Hoadley jumped on top of a detainee who was lying face down and began choking the detainee. Officer 1 recognized the force as excessive and physically forced Hoadley off the detainee.

2. **Punching R.C. while Handcuffed and Detained**

While policing in 2017, Hoadley punched R.C. multiple times while R.C. was detained, sitting, and handcuffed. In his report of this incident, Hoadley failed to record his striking or punching of R.C.

---

[2] The Government has provided defense counsel with the names of the CPD officers identified by numerals in this notice.

### 3. Punching S.C. while Handcuffed and Detained

In 2013, Hoadley assisted CPD Officer 2 in the detention and arrest of S.C. Officer 2 will testify that Hoadley punched S.C. in the back of the head while S.C. was handcuffed with his arms behind his back. At the time of the assault, S.C. was also lying face down on the pavement. Officer 2 will testify that Hoadley's use of force was to punish S.C. for fleeing from law enforcement. Officer 2 will likewise testify that Hoadley told S.C.: "Don't you ever run," during the assault.

### 4. Bragging about Punching Handcuffed Detainees to Other Officers

Over the course of 2015 and 2016, Hoadley bragged to his fellow CPD Officers about punching a detainee in the head while the detainee was in handcuffs and not resisting. During these sessions, Hoadley would show other officers a video of him punching a Hispanic man who was detained and handcuffed. Throughout these displays, Hoadley would laugh and boast about the force he used. It was not an isolated incident. Numerous officers outlined the same pattern of willful use of excessive force. Of the many officers who reported such behavior, three officers' interactions with Hoadley are detailed herein.

During work, Hoadley called Officer 3 into Hoadley's office to show Officer 3 a video on Hoadley's computer. In the video, Hoadley is punching a Hispanic detainee who is handcuffed behind his back. Hoadley was laughing about the video while showcasing it to Officer 3. Disturbed by this incident, Officer 3 reported Hoadley's conduct to his superiors. Like Officer 3, Officer 4 was also shown a video by Hoadley wherein Hoadley is punching a handcuffed Hispanic man who had been detained. As with Officer 3, Hoadley was showcasing this video to Officer 4 while bragging about his use of excessive force. Officer 4 was disturbed by this incidence and ultimately reported it to the CPD Chief, as well as the Federal Bureau of Investigations (FBI).

GOVERNMENT'S RULE 404(B) NOTICE—4

Finally, Officer 5 was shown the video of Hoadley punching a Hispanic man detained and handcuffed. Again, Hoadley showed Officer 5 this video while laughing about the recording of him punching a detainee in the head. Like the other officers, Officer 5 was troubled by the incident. Unlike the other officers, however, Officer 5 did not report the incident for fear of retaliation.

5. **Shoving and Striking K.W.**

In 2016, Officers 6 and 7 observed Hoadley shove and strike K.W., who was walking away from Hoadley after an interaction outside his home. Hoadley assaulted K.W. in retaliation for K.W. saying: "Don't you touch me."

## CONCLUSION

The Government herein provides notice of its intention to offer under Rule 404(b) evidence related to the events described herein as probative of his willfulness, knowledge, lack of mistake, and intent.[3]

Respectfully submitted this 12th day of August, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

---

[3] Pursuant to the General Order 377, the deadline for filing pretrial motions and notices was Friday, August 4. At that time, the parties were drafting a proposed joint motion to continue the trial. As of Thursday, the Defendant objected to any further continuance. Accordingly, the Government now asks for a one-week extension to file its notice under Rule 404(b). The Defendant does not object to this one-week continuance.

GOVERNMENT'S RULE 404(B) NOTICE—5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2022, the foregoing GOVERNMENT'S RULE 404(B) NOTICE was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing: Charles Peterson, 671 E. Riverpark Lane, Suite 210, Boise ID 83706.