JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br><br>JOSEPH ALAN HOADLEY,<br><br>             Defendant. | Case No. 1:22-cr-00056-SWS<br><br>**GOVERNMENT'S MOTION TO EXCLUDE IMPERMISSIBLE CHARACTER EVIDENCE** |

The United States anticipates that Defendant Joseph Alan Hoadley will attempt to introduce impermissible character evidence during trial.  The Federal Rules of Evidence place restrictions on the use of character evidence in a criminal case by requiring that any such evidence be pertinent to the crime charged and be offered in the form of opinion or reputation testimony. Consistent with these rules, the United States of America, by and through the undersigned attorneys, respectfully seeks an *in limine* order: (1) excluding evidence of any specific instances of the Defendant's good character; and (2) precluding the use of character evidence calculated to induce jury nullification or likely to achieve that result.

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—1

I.    **Evidence of specific examples of the Defendant's good character should be excluded because character evidence is not relevant to the charged offense.**

The Federal Rules of Evidence allow a party to introduce evidence of pertinent traits of character, Fed. R. Evid. 404(a), through, in this context, "testimony as to reputation or by testimony in the form of an opinion," Fed. R. Evid. 405(a)–(b).[1] Which is to say:  evidence of specific acts that form the basis for that opinion or reputation is not admissible and violates Federal Rule of Evidence 405(a). *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987). Thus, a character witness cannot offer specific instances of conduct by a defendant which would tend to support the reputation of the defendant. *See United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979) (recognizing that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgecorth*, 873 F.2d 1307 (9th Cir. 1989) ("[W]hile a defendant may show a character for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible." (citation omitted)). *See also* Fed. R. Evid. 405 advisory committee's note ("The express allowance of inquiry into specific instances of conduct on cross-examination in subdivision (a) and the express allowance of it as part of a case in chief when character is actually in issue in subdivision (b) contemplate that testimony of specific instances is not generally permissible on the direct examination of an ordinary opinion witness to character.").

---

[1]    Rule 405(b) provides that character may be proved through evidence of specific instances of conduct only if "a person's character or character trait is an essential element of a charge, claim, or defense," Fed. R. Evid. 405(b), an exception that does not apply in § 242 prosecutions. *See United States v. Krug*, No. 14-CR-102S, 2016 WL 7045937, at *3 (W.D.N.Y. Dec. 2, 2016) (ruling that defendant-officer's purported "respect and protection of the Constitution" was not a relevant character trait in a § 242 prosecution); *United States v. Dellinger*, No. CR-13-00065, 2013 WL 5929946, at *3 (D. Ariz. Nov. 5, 2013) (ruling that evidence of how the defendant-officer "does his job" was not a relevant character trait in a § 242 prosecution).

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—2

By operation of these rules, evidence of any award, positive evaluation, or good act supporting a character witness's perception of the Defendant as a good police officer is inadmissible. *See United States v. Navedo-Ramirez*, 781 F.3d 563, 569 (1st Cir. 2015) (affirming exclusion of defendant-officer's performance evaluations, reasoning that "the character trait that the evaluations purport to show—general competence at her job as a police officer" was not pertinent to the charges); *United States v. Brown*, 503 F. Supp. 2d 239, 243 (D.D.C. 2007) (excluding evidence of a defendant-officer's commendations because they are "neither opinion nor reputation testimony and accordingly are more akin to specific instances of conduct" barred by Rule 405); *United States v. Washington*, 106 F.3d 983, 999–1000 (D.C. Cir. 1997) (per curiam) (holding that the trial court properly excluded evidence of a defendant-officer's awards and commendations); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a defendant-officer's awards and commendations); *United States v. Warren*, No. 10-154, 2010 WL 4668345, at *3 (E.D. La. Nov. 4, 2010) (excluding evidence of defendant-officer's rescue missions during Hurricane Katrina as "inadmissible evidence of specific instances of conduct").

## II.    Character evidence tending to induce jury nullification likewise should be excluded.

It is a common defense strategy in excessive force prosecutions to offer evidence or argument calculated to induce jury nullification. Courts have "categorically reject[ed] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997). As recognized by the Ninth Circuit, "anarchy would result from instructing the jury that it may ignore the requirements of the law." *United States v. Powell*, 955

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—3

F.2d 1206, 1213 (9th Cir. 1991).

"Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *United States v. Brown*, 859 F.3d 730, 733–34 (9th Cir. 2017) (internal quotation marks omitted). Neither a defendant nor his attorney, however, possesses a "right to present evidence that is irrelevant to a legal defense to, or an element of the crime charged." *See United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008); *see also Chandler v. Florida*, 449 U.S. 560, 574 (1981) ("Trial courts must be especially vigilant to guard against any impairment of the defendant's right to a verdict *based solely upon the evidence and the relevant law.*") (emphasis added). Relevant evidence includes only those materials that have "the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 402.

The consideration of irrelevant evidence increases the threat of jury nullification, which occurs when jurors substitute personal sympathies or individual conceptions of justice over that of which the facts and the law provide. *See United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2017) (approving portions of an instruction that admonished jurors against "substitut[ing] your sense of justice, whatever that means, for your duty to follow the law, whether you agree with it or not. It is not for you to determine whether the law is just or whether the law is unjust"). This threat is realized when a jury, faced with such irrelevant and non-probative evidence, makes an unreviewable decision to "acquit[] a defendant, even though the government proved guilt beyond a reasonable doubt." *See id.* District courts therefore have a "duty to

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—4

forestall or prevent" the threat of jury nullification by "firm instruction or admonition," or by pre-trial determinations that certain facts and arguments would tempt juries to exercise nullification. *See id.*; *see also Scarmazzo*, 554 F. Supp. 2d at 1108 (noting that the district court had granted motions in limine to exclude certain nullification-targeted defenses); *United States v. King*, No. CR-08-002-E-BLW, 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009) (reserving judgment on individual items of evidence but admonishing that "[t]he Court will exclude any irrelevant evidence or argument designed to achieve jury nullification, as it may arise at trial"). Courts exercising this duty have prohibited nullification-related arguments at all phases of trial, from closing argument, *see, e.g.*, *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("[D]efense counsel may not argue jury nullification during closing argument."), to the cross-examination of witnesses, *see, e.g.*, *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997) (noting a district judge's authority "to impose reasonable limits upon cross-examination" to avoid jury nullification).

Embracing that principle, courts have repeatedly excluded evidence in excessive-force trials on the grounds that it encouraged jury nullification. *See, e.g.*, *United States v. Rushin*, 844 F.3d 933, 940–42 (11th Cir. 2016) (affirming district court's exclusion of evidence of jail's poor working conditions and inmate violence, in prosecution of correctional officers for retaliatory inmate beatings, on the basis that such evidence encouraged jury nullification). Just as the prosecution may not argue to the jury that it should convict because the defendant is a bad person, *Old Chief v. United States*, 519 U.S. 172, 181 (1997), neither is the defense permitted to suggest that the jury should overlook the defendant's use of excessive force because he was otherwise a good police officer, *see United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) (Posner,

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—5

J.) ("[T]he defendant has no right to invite the jury to act lawlessly."); *United States v. Melton*, No. 3:08cr107-DPJ-LRA, 2008 WL 4829893, at *2 (S.D. Miss. Nov. 4, 2008) (excluding evidence of a defendant-officer's reputation for fighting crime on the ground that it was "aimed at inducing jury nullification"). For those reasons, the defense should be precluded from making the following three types of improper argument calculated to induce jury nullification: (A) the Defendant has been punished enough for his misconduct; (B) the prosecution is political in nature or the federal government should not meddle in state affairs; and (C) the victim of the assault, B.H., got what he deserved.

**A.    The Defendant has been punished enough for his misconduct and does not deserve to go to jail**

As the Ninth Circuit jury instructions recognize, any reference to a defendant's punishment as a reason for acquittal is improper and should not be permitted. *See* NINTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) § 6.22 (March 2022) ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."). It follows that it would be improper for the defense to argue or insinuate that the Defendant should be acquitted on the basis that he has been punished enough for his misconduct, *United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018), or that if he is convicted, he will likely go to jail, *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996) ("[A] district court may not instruct the jury as to its power to nullify. An attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible.") (citations omitted).

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—6

**B.     The prosecution against the Defendant is political in nature or that the federal government should not meddle in state affairs**

The defense likewise should be precluded from arguing that this prosecution is political in nature or that the federal government should not meddle in state affairs, as such arguments do not address the merits of the case but rather distract from them. *See United States v. Duran*, 596 F.3d 1283, 1288–89 (11th Cir. 2010) (affirming district court's exclusion of evidence that the defendant "was the subject of a political prosecution," as such an argument "would be an invitation for improper jury nullification"); *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Cardarella*, No. 07-00007-02/03-CR-W-FJG, 2007 WL 2507751, at *1–3 (W.D. Mo. 2007) (granting government motion to exclude terms such as "political witch hunt" and "political terrorism" as well as references to alleged scandals within the Department of Justice).

**C.     The victim, B.H., got what he deserved**

Finally, the defense should be precluded from arguing or insinuating to the jury that victim B.H. is a bad person who got what he had coming or otherwise deserved to be punched while handcuffed. *See Rushin*, 2016 WL 7383970 ("[T]he defendants' logic implied that due to the harsh conditions at MSP defendants were justified in beating handcuffed prisoners they had brought to camera-free location."); *Cummings v. Malone*, 995 F.2d 817, 824 (8th Cir. 1993) (affirming exclusion of evidence, in excessive force lawsuit, that the inmate-victim had previously assaulted a prison guard, reasoning that it might lead a jury to conclude that he "deserved what he got"); *United States v. Aguilar*, 242 F. App'x 239, 247 (5th Cir. 2007) (unpublished) (affirming exclusion of evidence, in prosecution of police officer for assaulting an

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—7

arrestee, that the arrestee was a bad guy who "deserved what he got," citing the "potential unfair prejudice"); *Tolliver v. Gonzalez*, No. 10C1879, 2011 WL 5169428, at *2 (N.D. Ill. Oct. 31, 2011) ("What would not of course be appropriate for jury consideration would be any notion that a physical altercation between the Tollivers before the officers arrived would somehow justify [the officers'] imposition of excessive force on Tolliver (on some notion that he deserved what he got).").

## CONCLUSION

This trial is not a referendum on the character of the Defendant or B.H. Rather, the jury must determine whether the Defendant willfully used excessive force against B.H. on the day of his arrest. To that end, and consistent with the Federal Rules of Evidence, the United States respectfully requests an *in limine* order: (1) excluding evidence of specific instances of the Defendant's good character; and (2) precluding the defense from arguing, explicitly or implicitly, that the jury should nullify because of the defendant's good character or the victim's bad character.

Respectfully submitted this 17th day of August, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

*/s/ Francis J. Zebari*
FRANCIS J. ZEBARI
Assistant United States Attorney

GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE—8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2022, the foregoing **GOVERNMENT'S MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

/s/ *Katherine Horwitz*
Assistant United States Attorney