Charles F. Peterson ISB# 3346
PETERSON LAWYERS
671 E. Riverpark Lane, Suite 210
Boise, Idaho 83706
Telephone (208) 342-4633
FAX (208) 955-2020
chuck@petersonlawyers.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00056-SWS |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ADMISSION OF EVIDENCE NOTICED BY GOVERNMENT PURSUANT TO RULE 404(b)** |
| JOSEPH ALAN HOADLEY, | |
| Defendant. | |

On August 12, 2022 the United States provided Notice of its Intent to Present Evidence Pursuant to Federal Rule of Evidence 404(b). Defendant Joseph Hoadley objects to the introduction of the noticed evidence and moves the Court for its Order prohibiting introduction of the same in the Government's case.

## I. Introduction

Mr. Hoadley is charged in the Second Superseding Indictment with willfully using excessive force as a police officer on March 30, 2017, in violation of 18 U.S.C. § 242.[1] The Government seeks to introduce evidence of prior acts in which, then SGT or LT Hoadley, "struck arrestees who were handcuffed and bragg[ed] about such events to

---

[1] *See* Docket 29, Count 1 (Second Superseding Indictment). He is also charged with destroying, altering or falsifying records in a federal investigation (Count 2 – in violation

his fellow officers." The United States says the incidents occurred between 2012 and 2017.[2]

Mr. Hoadley denies the incidents occurred and objects to introduction of the acts at trial.[3] The Government contends the acts are admissible pursuant to Federal Rule of Evidence 404(b) to demonstrate Hoadley's "willful pattern of abusive use of force, knowledge, lack of mistake, and intent under Rule 404(b)."

## II.  Argument

### A.  The government asks the Court to ignore the obvious; it intends to offer inadmissible propensity evidence.

Rule 404(b) prohibits the admission of other acts to prove a defendant's propensity to act in conformity with prior conduct. "The rule is designed to avoid the danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Charley*, 1 F.4th 637, 647 (2021) (citing *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (internal citation omitted). An exception to Rule 404(b) makes such evidence admissible when offered for purposes other than proving propensity. Fed. R. Evid. 404(b)(2).

To introduce evidence pursuant to Rule 404(b), "[t]he Government carries the burden to prove the proposed evidence satisfies four requirements: (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the

---

of 18 U.S.C. § 1519), witness tampering (Count 3 - in violation of 18 U.S.C. § 1512 and § 2) and tampering with documents (Count 4 - in violation of 18 U.S.C. § 1512(c)(1)).
[2] Docket 33 at 3-5 (Notice of Intent).
[3] Declaration of Joseph Alan Hoadley filed with this Motion

other act (sufficiency); and (4) [where knowledge and intent are at issue], the act is similar to the offense charged (similarity)." *United States v Charley* at 648. (quoting *United States v. Berkmann*, 971 F.3d 999, 1002 (9th Cir. 2020)). "But even then, '[t]he use of such evidence must be narrowly circumscribed and limited.' *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)." *Id.*

The government has provided notice that it may offer evidence under Rule 404(b) of the following:

1. <u>Choking Arrestee</u>. The government contends that in 2012 and 2013, an officer (Officer 1) observed then SGT Hoadley jump on top of and choke a detainee who was lying face down. Officer 1 reportedly told an FBI agent that he physically forced Hoadley off the detainee. From the discovery provided, the allegations are disputed by the defendant and a second officer who was present.[4] The allegation is insufficient to support a finding that this incident occurred, and if it did, that it happened as the government claims.

The government does not indicate whether the acts were investigated by the Caldwell Police Department or any other agency, whether there was ever a citizen complaint lodged or report made by Officer 1. The alleged victim is unidentified.

Officer 1 reported that then SGT Hoadley said the alleged victim tried to punch him. A second officer (who Officer 1 says was present at the scene) confirmed Hoadley's version. If any force was used, there is insufficient evidence to conclude that then Officer Hoadley used excessive force or that he had then the "willfulness" required for a violation of 18 U.S.C. § 242.

---

[4] Hoadley Declaration.

Mr. Hoadley denies that he committed the acts as described in the Notice. He denies he choked anyone. He denies that any force used on such an occasion was excessive, unreasonable, or unconstitutional.[5] Accordingly, there is not sufficient proof the claimed event occurred.

Even if the claim was true the acts claimed to have occurred nine or ten years ago are too remote in time for admission under the circumstances in this case. The probative value of such evidence is outweighed by the danger of wasting time, misleading the jury, confusing the issues and unfairly prejudicing Mr. Hoadley. Proof of the acts should be excluded based on the requirements of Rules 404(b) and 403.

2. Punching R.C. while handcuffed and detained. Mr. Hoadley denies that he committed the acts described, and objects for the same reasons stated above.[6] There is insufficient information presented in the Notice to identify "R.C." and counsel's request for identification has gone unanswered. It may be that buried somewhere in the sixty or seventy thousand (60,000 or 70,000) pages of discovery documents there is a person whose initials are R.C., but the identity remains a mystery for the Defendant. Without more information he can only deny the conduct occurred and request notice of the identity.

3. Punching S.C. while Handcuffed and Detained. Mr. Hoadley denies that he committed the acts described, and objects to admission of evidence of the same. With respect to S.C., the government leaves it to Mr. Hoadley to identify the purported victim. Assuming the incident in question is the same as testified to by Officer 2. at a prior hearing February 8, 2021, Mr. Hoadley recalls the incident and denies he punched S.C.

---

[5] *Id.*

while he was handcuffed. Officer 2 had deployed a K-9 to apprehend a S.C. who had run when Hoadley attempted to search him for weapons. There was an existing warrant for S.C.'s arrest at the time of the incident. During the chase, S.C. dropped a knife he had been carrying, in violation of the law. The dog ultimately located and bit S.C. while he hid from officers who were searching for him. He gave up and asked officers to get the dog off of him. He was removed from beneath the school bus under which he had hidden himself. Officer Hoadley handcuffed S.C. and he was taken to jail. S.C. was ultimately charged with possession of drugs, possession of the knife, drug paraphernalia and obstruction and delaying officers. S.C. made an excessive force complaint against Hoadley, another officer who was on the scene and Officer 2. They were all cleared of the claim following an incident review by the Caldwell Police Department.[7]

Mr. Hoadley denies that he committed the acts as described in the Notice. He denies he choked anyone as is described. He denies that any force used on such an occasion was excessive, unreasonable, or unconstitutional. Accordingly, there is not sufficient proof the claimed event as described by the government occurred.

The probative value of the acts and incident claimed to have occurred nine years ago is too remote in time for admission under the circumstances in this case. The probative value of such evidence is outweighed by the danger of it wasting time, misleading the jury, confusing the issues and unfairly prejudicing Mr. Hoadley. It should be excluded based on the requirements of Rules 404(b) and 403.

---

[6] *Id.*
[7] *Id.*

4. <u>Bragging about Punching Handcuffed Detainees to Other Officers</u>. Mr. Hoadley denies that he bragged to fellow officers over the course of 2015 and 2016 about punching a detainee in the head while the detainee was handcuffed and not resisting.[8]

Mr. Hoadley admits that he has been in altercations (let's call them fights) with suspects, as that is part of the job. Some suspects resist officers as they attempt to take them into custody for violations of the law. Hoadley was in charge of a gang unit and the Street Crimes Unit, and he dealt with and persons who were involved in major felony crime. His exposure to dangerous criminals and situations was a daily occurrence. There are undoubtedly videos from officer bodycams (perhaps even his own) that document altercations between officers and arrestees. He denies that he punched detainees who were handcuffed and not resisting. He denies he used excessive force in violation of 18 U.S.C. § 242. He denies that he bragged about the same as set out in the Notice.

Absent a chance to review the videos in question and confront Officers 3, 4, and 5, there is little else Mr. Hoadley can say about this.

The probative value of the acts claimed to have occurred six or seven years ago is too remote in time for admission under the circumstances in this case. The probative value of such evidence is outweighed by the danger of it wasting time, misleading the jury, confusing the issues and unfairly prejudicing Mr. Hoadley. It should be excluded based on the requirements of Rules 404(b) and 403.

5. <u>Shoving and Striking K.S.</u> Mr. Hoadley denies that he committed the acts described by Officers 6 and 7.[9] He has reviewed the F-D 302s provided in discovery

---

[8] *Id.*

[9] *Id.*

related to the claim by Officers 6 and 7, which purport to detail an incident "approximately five years" prior to the interview of Officer 6. Mr. Hoadley did not purposely shove an intoxicated male into the rose bushes as Officers 6 and 7 claim. There is no report he knows of by a citizen that this happened. Mr. Hoadley denies that he used excessive force or engaged in the described conduct. He did not "assault K.W. in retaliation for K.W. saying: 'Don't touch me.'" There is insufficient proof that the incident happened, it is remote in time, and it is denied.

As above, probative value of the incident claimed to have occurred five years ago is too remote in time and dissimilar in nature for admission under the circumstances in this case. The probative value of such evidence is outweighed by the danger of it wasting time, misleading the jury, confusing the issues and unfairly prejudicing Mr. Hoadley. It should be excluded based on the requirements of Rules 404(b) and 403.

With respect to each of the acts noticed by the government, should the Court be inclined to admit such evidence, Mr. Hoadley requests a hearing be conducted to determine what evidence, if any, supports admission.

## B. The acts noticed by the government are not inextricably intertwined with the offense in question.

The government asserts that the evidence it identifies in its Notice "is probative of the Defendant's willful pattern of abusive use of force, knowledge, lack of mistake and intent under Rule 404(b)."[10] It concedes that even under Rule 404(b)(2), the Court must ensure (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3)

---

[10] Docket 33

the probative value of the evidence is not substantially outweighed by its prejudicial effect under Rule 403...."[11]

Mr. Hoadley objects to introduction of the evidence, all of which he denies. The government's intention is to introduce evidence that paints Mr. Hoadley as a bad cop, dangerous and abusive with a criminal disposition, but then bar Mr. Hoadley from responding with proof of his good record of policing over the course of twenty years.[12] Such a tactic would be fundamentally unfair and prevent him from countering the Government's evidence of willfulness. Willfulness, in the context of 18 U.S.C. § 242 requires as an element of the offense, proof beyond a reasonable doubt that the use of force was objectively unreasonable (and therefore excessive), and even if it was excessive, proof the officer also have acted willfully. That is, he must have known his conduct was wrong and did it anyway.[13] The willfulness determination is based on a subjective standard, requiring in a mental state higher than that required for most other charges; for example, higher than typically required for manslaughter or battery.

The incidents covered by the Notice are not proof of an element of the charged offense in Count 1. That offense is proven, or not, based on the testimony of witnesses to what happened on March 30, 2017. Even if an incident in 2013 was proven to have occurred in which then Officer Hoadley had used excessive force, that would not establish that his conduct four years later was a crime. His actions on other dates are not

---

[11] Id. at 2.

[12] Docket 36, Motion to Exclude Impermissible Character Evidence. For example, the government would ask the Court to exclude from evidence the many awards and recognition for the work he did as an officer in reducing gang violence and locating dangerous felons who had escaped or were wanted in connection with drug and gun charges.

[13] *Screws v. United States*, 325 U.S. 91, 106 (1945).

HOADLEY MOTION IN LIMINE - 8

probative of his intent on March 30, 2017, nor are such acts evidence that is essential for the prosecutor to offer a coherent and comprehensible story regarding commission of the crime charged.

There is no evidence that any of the other acts the government wants to admit as evidence were found to have been unjustified or excessive by the Caldwell Police Department. The Department had a policy in place to investigate such claims and did so. Willfulness, for purposes here, requires proof of the subjective intent of the officer at the moment of the charged offense. Proof that Mr. Hoadley pushed an intoxicated man into a rose bush even a year before the charged incident would not be proof of his intent on March 30, 2017, even if he had committed the prior act.

Even if Mr. Hoadley was proven to have exhibited a willful pattern of abusive use of force, a jury would still be required to assess the factual circumstances underlying his conduct on in the day of the charged offense and would be required to determine whether the alleged incident occurred, whether he used excessive force against B.H., and even if he did, whether he acted willfully. That his acts might have been viewed as excessive on some day in the past would not be probative of his conduct at the time of the charged offense.

There is no logical connection between prior incidents that involve persons other than B.H., who is alleged to be the victim in this case, except the implication that then Officer Hoadley had a propensity for abusive use of force and therefore used excessive force as charged – an impermissible inference under Rule 404(b) and an improper consideration when determining whether his actions were not only excessive, but also willful.

Whatever probative value the prior other acts evidence may provide in this case, Rule 403 should bar introduction of the evidence. The other acts at issue here are disputed and have the potential to confuse the jury and waste time (the "trial within a trial" problem). The acts are likely to confuse and mislead the jury into focusing disputed acts from years before the charged offense.

Defendant Joseph Alan Hoadley moves the Court to enter its Order barring admission of any of the acts contained in the Government's Notice.

Dated this ___ day of August 2022.

_____
Charles F. Peterson
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by email:

Joshua D. Hurwit
United States Attorney
Katherine L. Horwitz
Assistant United States Attorney
Kate.horwitz@usdoj.gov
Francis J. Zebari
Assistant United States Attorney
Frank.Zebari@usdoj.gov

//s//
Charles F. Peterson