Charles F. Peterson ISB# 3346
PETERSON LAWYERS
671 E. Riverpark Lane, Suite 210
Boise, Idaho 83706
Telephone (208) 342-4633
FAX (208) 955-2020
chuck@petersonlawyers.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00056-SWS |
| Plaintiff, | DECLARATION OF JOSEPH HOADLEY IN SUPPORT OF MOTION IN LIMINE |
| vs. | |
| JOSEPH ALAN HOADLEY, | |
| Defendant. | |

Joseph Alan Hoadley declares as follows in support of his Motion in Limine:

1. I am the Defendant in this case.

2. I have pled not guilty and persist in that plea.

3. I have reviewed the government's Notice of Intent to Present Evidence Pursuant to Federal Rule of Evidence 404(b).

4. I did not jump on top of and choke an arrestee as described by the government in paragraph 1 of the Notice. I have reviewed an FBI 302 (Bates 104) in which Officer 1 says the incident probably occurred in 2012-2014. He reportedly told the investigator that another officer was on the scene and confirmed the arrestee had tried to punch me. I did not choke the arrestee, nor did I use excessive force as alleged.

DECLARATION OF DEFENDANT IN SUPPORT OF MOTION IN LIMINE - 1

5. I did not punch someone identified as R.C. while he was handcuffed and detained as described in paragraph 2 of the Notice. I do not know who this refers to.

6. I did not punch someone identified as S.C. while he was handcuffed and detained as described in paragraph 3 of the Notice. I believe I am aware of the incident that is described. The person we arrested that day for drugs, paraphernalia, resisting and obstructing officers and carrying a concealed weapon (a knife), had run from the scene. I knew him from my prior work with local gangs and drug offenses. After S.C. ran from me, Officer 2 released his K-9 to bring down S.C. The dog eventually found S.C. hiding under a school bus. During the foot chase S.C. dropped a knife as we were running after him. There was an outstanding warrant for his arrest. After I arrested S.C. I requested paramedics to treat him for minor injuries from the K-9 apprehension. Another officer on the scene will confirm these events as described, and the government has provided the reports from the incident in discovery. (Bates 2720 – 2727). A citizen complaint for excessive force from that arrest was made against Officer 2, another officer and myself. Following incident review by the Caldwell Police Department, we were all cleared of using excessive force and our actions were found to have been justified. (See Bates 2951 produced by the government in discovery).

7. I have not bragged about punching handcuffed detainees to other officers as described paragraph 4 of the Notice. There are occasions where body camera videos contain footage of altercations or fights, and those are often reviewed and shared by officers. I am not sure we had bodycam videos in 2015 and 2016 as alleged by the government in the Notice. The allegations made by Officers 3, and 4 are not true. Videos that were recorded on officer body cameras were downloaded into IAPro, a software

system used by the Department and before that system, we downloaded the video to a Department server.

8. I did not shove and strike K.W. as described in paragraph 5 of the Notice. I am not sure I recall specifically an incident as Officers 6 and 7 are reported to have told an FBI SA when interviewed in 2021, but I did not use excessive force in violation of the law during any such incident. They claim that an unidentified male was intoxicated to such an extent that his family called the police because he was being disruptive. They indicate that I pushed the intoxicated male into some rose bushes for no good reason. I do not recall the incident and it may be that the intoxicated male fell into some rose bushes. I did not push him. He was not injured according to their story nor was there a report made that I am aware of. This is said to have happened shortly after I was promoted to Lieutenant, which occurred in 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of August 2022.

Joseph Alan Hoadley

DECLARATION OF DEFENDANT IN SUPPORT OF MOTION IN LIMINE - 3

system used by the Department and before that system, we downloaded the video to a Department server.

8. I did not shove and strike K.W. as described in paragraph 5 of the Notice. I am not sure I recall specifically an incident as Officers 6 and 7 are reported to have told an FBI SA when interviewed in 2021, but I did not use excessive force in violation of the law during any such incident. They claim that an unidentified male was intoxicated to such an extent that his family called the police because he was being disruptive. They indicate that I pushed the intoxicated male into some rose bushes for no good reason. I do not recall the incident and it may be that the intoxicated male fell into some rose bushes. I did not push him. He was not injured according to their story nor was there a report made that I am aware of. This is said to have happened shortly after I was promoted to Lieutenant, which occurred in 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of August 2022.

_____
Joseph Alan Hoadley

DECLARATION OF DEFENDANT IN SUPPORT OF MOTION IN LIMINE - 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by email:

Joshua D. Hurwit
United States Attorney
Katherine L. Horwitz
Assistant United States Attorney
Kate.horwitz@usdoj.gov
Francis J. Zebari
Assistant United States Attorney
Frank.Zebari@usdoj.gov

//s//
Charles F. Peterson