JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH ALAN HOADLEY, <br><br> Defendant. | Case No. 1:22-cr-00056-DCN <br><br> **GOVERNMENT'S MOTION TO EXCLUDE VICTIM'S CRIMINAL HISTORY** |

The government anticipates that the defense may attempt to introduce into evidence specific facts of the domestic violence incident for which the victim in this case, B.H., has recently pleaded guilty. The United States of America, by and through the undersigned attorneys, respectfully submits that such evidence has no relevance to the charged offense and would invite jury nullification by distracting the jury's attention from the charged incident. The United States therefore respectfully requests that this Court issue an order *in limine* prohibiting the introduction of such evidence.

GOVERNMENT'S MOTION TO EXCLUDE VICTIM'S CRIMINAL HISTORY—1

## BACKGROUND

On March 30, 2017, four Caldwell City Police Department ("CPD") Officers, including Defendant Joseph Alan Hoadley (then a lieutenant), responded to a 911 call from the Caldwell City home of B.H. from which the call had been disconnected. Eventually, Defendant Hoadley detained and handcuffed B.H. While escorting B.H. outside, Hoadley punched B.H. in the head after the two exchanged verbal jabs.

Five years later, B.H. was arrested and ultimately pleaded guilty to a domestic battery charge for which he was sentenced to probation. The charges stemmed from a dispute with his girlfriend that occurred in 2021.

## ARGUMENT

At trial, the United States anticipates that defendants may attempt to introduce evidence of B.H.'s domestic violence conviction in 2022. The United States respectfully submits that such evidence, to the extent it was unknown to defendant at the time of the actions for which his is charged (namely, assaulting B.H. in 2017), is irrelevant, and therefore inadmissible under Federal Rules of Evidence 401 and 402.

The Federal Rules of Evidence provide that evidence may only be admitted in a federal trial if it is relevant, meaning that it has any tendency to make a fact that is of consequence in the action more or less probable. Irrelevant evidence is inadmissible. Fed. R. Evid. 401, 402. The Ninth Circuit has read the requirement that evidence be relevant to impose limitations on what evidence may be admitted for the purpose of determining whether a law enforcement officer's use of force during an arrest violates the Fourth Amendment's prohibition on unreasonable seizures as articulated in *Graham v. Connor*, 490 U.S. 386 (1989).

GOVERNMENT'S MOTION TO EXCLUDE VICTIM'S CRIMINAL HISTORY—2

In *Graham*, the Supreme Court held that, in the context of evaluating law enforcement use of force under the Fourth Amendment, "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them. *Id.* at 397. Since *Graham*, the Ninth Circuit has, on multiple occasions, made clear that the "circumstances" to which the *Graham* court referred must mean only those circumstances known and information available to the officer at the time of his action. *See, e.g.*, *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232–33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the officers] were aware when they employed . . . force. Accordingly, when analyzing the objective reasonableness of the officers' conduct under *Graham*, we cannot consider the fact that [the decedent] was intoxicated or that he had previously used a knife in harming himself."); *see also Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." (quoting *Graham*, 490 U.S. at 396)).

It follows from this well-established application of the rule of relevance that the Defendant may not present evidence of facts regarding the events well after B.H.'s arrest that were unknown to him at the time he punched B.H., including B.H.'s recent conviction for aggravated battery.

Even assuming any specific uses of such evidence might satisfy Fed. R. Evid. 401's definition of relevance, the government respectfully requests that this Court exercise its discretionary power to exclude such evidence pursuant to its authority under Fed. R. Evid. 403. Rule 403 gives a trial judge the authority to exclude evidence if its probative value is

GOVERNMENT'S MOTION TO EXCLUDE VICTIM'S CRIMINAL HISTORY—3

greatly outweighed by danger of unfair prejudice. Unfair prejudice under the Rule means an "'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (quoting *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013)). Allowing the jury to hear evidence that B.H. was accused of acts of domestic violence five years after the charged offense could serve only the improper purpose of appealing to the emotions of the jury in an attempt to make the jury dislike the victim and acquit for that reason. Accordingly, the government respectfully requests that this Court prohibit the introduction of such evidence.

## CONCLUSION

Based on the above, the Government respectfully requests that the Court grant the requested motion.

Respectfully submitted this 19th day of August, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

*/s/ Francis J. Zebari*
FRANCIS J. ZEBARI
Assistant United States Attorney

GOVERNMENT'S MOTION TO EXCLUDE VICTIM'S CRIMINAL HISTORY—4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2022, the foregoing GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE RELATED TO THE VICTIM'S CRIMINAL HISTORY was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:  Charles Peterson, 671 E. Riverpark Lane, Suite 210, Boise ID 83706.

                                             */s/ Katherine L. Horwitz*
                                             KATHERINE L. HORWITZ
                                             Assistant United States Attorney