Charles F. Peterson ISB# 3346
PETERSON LAWYERS
671 E. Riverpark Lane, Suite 210
Boise, Idaho 83706
Telephone (208) 342-4633
FAX (208) 955-2020
chuck@petersonlawyers.com

*Attorney for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH ALAN HOADLEY,<br><br>　　　　　　　Defendant. | Case No. 22-cr-00056-SWS<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

### <u>Defendant's Proposed Jury Instructions</u>

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Federal Rules of Criminal Procedure 30, Mr. Hoadley respectfully submits his proposed jury instructions. Mr. Hoadley requests leave to supplement these proposed jury instructions if needed.

Unless otherwise indicated, these instructions are taken from the Ninth Circuit's Manual of Model Criminal Jury Instructions (available at https://www.ce9.uscourts.gov/jury-instructions/model-criminal).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 1**

**Pre-Proof Instructions:**

1.       Model Instruction 1.1: Duty of Jury

2.       Model Instruction 1.2: The Charges—Presumption of Innocence

3.       Model Instruction 1.3: What is Evidence

4.       Model Instruction 1.4: What is Not Evidence

5.       Model Instruction 1.5: Direct and Circumstantial Evidence

6.       Model Instruction 1.6: Ruling on Objections

7.       Model Instruction 1.7: Credibility of Witnesses

8.       Model Instruction 1.8: Conduct of the Jury

9.       Model Instruction 1.9: No Transcript Available to Jury

10.     Model Instruction 1.10: Taking Notes

11.     Model Instruction 1.11: Outline of Trial

12.     Model Instruction 1.16: Bench Conferences and Recesses

**Instructions in the Course of Trial:**

13.     Model Instruction 2.1: Cautionary Instruction—First Recess

14.     Model Instruction 2.4: Judicial Notice

15.     Model Instruction 2.10: Other Crimes, Wrongs, or Acts of Defendant

16.     Model Instruction 2.12: Evidence for a Limited Purpose (if applicable)

**Post-Proof Instructions:**

17.     Model Instruction 3.1: Statements by Defendant

18.     Model Instruction 3.3 (modified), Ex. A: Other Crimes, Wrongs, or Acts of Defendant

19.     Model Instruction 3.4: Character of Defendant (if applicable)

20.     Model Instruction 3.5: Character of Victim (if applicable)

21.     Model Instruction 3.7: Character of Witness for Truthfulness

22.     Model Instruction 3.8 (modified), Ex. B: Impeachment Evidence—Witness

23.     Model Instruction 3.9: Testimony of Witnesses Involving Special Circumstances—
        Immunity, Benefits, Accomplice, Plea

24.     Model Instruction 3.14: Opinion Evidence, Expert Witness

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 2**

25. Model Instruction 3.16: Charts and Summaries Not Admitted into Evidence (if applicable)

26. Model Instruction 3.17: Charts and Summaries Admitted into Evidence (if applicable)

27. Model Instruction 3.20: Untimely Disclosure of Exculpatory or Impeachment Evidence

28. Model Instruction 4.4 (modified), Ex. C: Attempt

29. Model Instruction 4.5: Specific Intent

30. Model Instruction 4.6 (modified), Ex. D: Willfully

31. Model Instruction 4.8 (modified), Ex. E: Knowingly

32. Model Instruction 4.12 (modified), Ex. F: Corruptly

33. Model Instruction 6.1: Duties of Jury to Find Facts and Follow Law

34. Model Instruction 6.2: Charges Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

35. Model Instruction 6.3: Defendant's Decision Not to Testify (if applicable)

36. Model Instruction 6.4: Defendant's Decision to Testify (if applicable)

37. Model Instruction 6.5: Reasonable Doubt—Defined

38. Model Instruction 6.6: What is Evidence

39. Model Instruction 6.7: What is Not Evidence

40. Model Instruction 6.8: Direct and Circumstantial Evidence

41. Model Instruction 6.9: Credibility of Witnesses

42. Model Instruction 6.10: Activities Not Charged (if applicable)

43. Model Instruction 6.11: Separate Consideration of Multiple Counts—Single Defendant

44. Model Instruction 6.18: On or About—Defined

45. Model Instruction 6.19: Duty to Deliberate

46. Model Instruction 6.20: Consideration of Evidence—Conduct of the Jury

47. Model Instruction 6.21: Use of Notes

48. Model Instruction 6.22: Jury Consideration of Punishment (if applicable)

49. Model Instruction 6.23: Verdict Form

50. Model Instruction 6.24: Communication with Court

51. Ex. G (No Ninth Circuit Model Instruction): Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

52.    Ex. H (No Ninth Circuit Model Instruction): Count One—Deprivation of Rights Under Color of Law—Essential Elements

53.    Ex. I (No Ninth Circuit Model Instruction): Count One, Element One—Color of Law

54.    Ex. J (No Ninth Circuit Model Instruction): Count One, Element Two—Deprivation of Federal Right

55.    Ex. K (No Ninth Circuit Model Instruction): Count One, Element Two—Reasonableness of Force

56.    Ex. L (No Ninth Circuit Model Instruction): Count One, Element Three—Willfully

57.    Ex. M (No Ninth Circuit Model Instruction): Count One, Element Four—Bodily Injury

58.    Ex. N (No Ninth Circuit Model Instruction): Destruction, Alteration, or Falsification of Records in Federal Investigation (18 U.S.C. § 1519)

59.    Model Instruction 19.4 9 (modified), Ex. O: Count Two—Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy—Essential Elements

60.    Ex. P (No Ninth Circuit Model Instruction): Count Two, Element One—Knowing Falsification of a Record

61.    Ex. Q (No Ninth Circuit Model Instruction): Count Two, Element Two—Intent to Impede a Federal Investigation

62.    Ex. R (No Ninth Circuit Model Instruction): Tampering with a Witness by Harassment (18 U.S.C. § 1512(d)(2))

63.    Ex. S (No Ninth Circuit Model Instruction): Count Three—Tampering with a Witness by Harassment—Essential Elements

64.    Ex. T (No Ninth Circuit Model Instruction): Count Three, Element One—Intentional Harassment

65.    Ex. U (No Ninth Circuit Model Instruction): Count Three, Element Two—Hinders, Delays, Prevents, or Dissuades a Person from Reporting a Federal Crime

66.    Ex. V (No Ninth Circuit Model Instruction): Tampering with Documents (18 U.S.C. § 1512(c)(1))

67.    Model Instruction 19.5 (modified), Ex. W: Count Four—Tampering with Documents—Essential Elements

68.    Model Instruction 4.12 (modified), Ex. X: Count Four, Element One—Corruptly

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 4**

69.    Ex. Y (No Ninth Circuit Model Instruction): Count Four, Element Two—Alters, Destroys, Mutilates, or Conceals a Record, Document, or Other Object

70.    Ex. Z (No Ninth Circuit Model Instruction): Count Four, Element Three—Intent to Impair Object's Integrity or Availability for Use in an Official Proceeding

71.    Ex. AA (No Ninth Circuit Model Instruction): Count Four, Element Four—Nexus

**Exhibit A**

**Proposed Instruction 18: Other Crimes, Wrongs, or Acts of Defendant**

You have heard testimony that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's motive to intimidate C.H. under Count 3. You may not consider this evidence for any other purpose. This testimony may not be considered as evidence of guilt under Count 1 charging excessive force.

*Authority*: Federal Rules of Evidence Rule 404(b); Document 50, Order on Admissibility of 404(b) Evidence, Case No. 1:22-CR-00056-SWS, filed Sept. 9, 2022, p. 13-14 (Rule 404(b) Order).

**Exhibit B**

**Proposed Instruction 22: Impeachment Evidence—Witness**

You have heard evidence that Brian Hoobery, a witness, was convicted of felony marijuana possession with intent to deliver in 2018 and felony aggravated battery in 2022.  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

*Authority*: Ninth Circuit's Manual of Model Criminal Jury Instructions 3.8 (Impeachment Evidence—Witness).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 7**

**Exhibit C**

**Proposed Instruction 28: Attempt[1]**

The defendant is charged in the indictment with attempting to commit witness tampering. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the government must prove the defendant intended to interfere with the investigation by hindering, delaying, preventing, or dissuading C.H. from reporting a federal offense; and,

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

*Authority*: Ninth Circuit's Manual of Model Criminal Jury Instructions 4.4 (Attempt).

---

[1] This instruction should be included in the elements instructions for witness tampering only.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 8**

**Exhibit D**

**Proposed Instruction 30: Willfully**

An act is done willfully if it is done voluntarily and intentionally. The action must also be taken with a specific intent to do something this law forbids, meaning the intent to violate a protected right. You may find the defendant acted willfully if you find he specifically intended to use more force than is reasonable with the purpose of violating B.H.'s constitutional rights.

You may also find the defendant acted willfully if he recklessly disregarded a specific and definite constitutional requirement. Reckless disregard is established if the government proves the defendant engaged in intentionally wrongful conduct that contravenes a clearly defined constitutional right. This means the government need not prove that the defendant was thinking in constitutional terms at the time of the violation, as long as you find the defendant intentionally violated a specific and definite defined constitutional right belonging to B.H.

Negligence or inadvertence do not amount to willfulness. The government must prove the defendant acted deliberately and intentionally, rather than accidentally, carelessly, or unintentionally.

It is not enough to find the defendant had a generally bad purpose or intended to use force that you have found to be unreasonable. Rather, to find the defendant acted willfully, you must find beyond a reasonable doubt acted with the purpose and specific intention of depriving B.H. of a constitutional right to be free from excessive force.


*Authority*: *United States v. Koon*, 34 F.3d 1416, 1449-50 (9th Cir. 1994) (affirming a jury instruction reading, "'[a]n act is done willfully if it is done voluntarily and intentionally, and with a specific intent to do something this law forbids,' meaning 'an intent to violate a protected right.'"); *id.* ("the required specific intent is the intent to use more force than is reasonable under all of the circumstances"); *United States v. Reese*, 2 F.3d 870, 881 (9th Cir. 1993) (finding the definition for "reckless disregard" encompasses "intentionally wrongful conduct that contravenes

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 9**

a right definitely established in law") (citing *Screws v. United States*, 325 U.S. 91, 106 (1945); *Koon*, 34 F.3d at 1449 ("government need not prove that a defendant was "thinking in constitutional terms" at the time of the violation if a reckless disregard of a specific and definite constitutional requirement is proven"); *id.* (finding willfulness is not proven by a defendant acting "accidentally, carelessly or unintentionally," because negligence or inadvertence do not amount to willfulness); Screws, 325 U.S. 106-07 (willfulness requires proving the defendant had the purpose of depriving a person of a constitutional right).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 10**

**Exhibit E**

**Proposed Instruction 31: Knowingly[2]**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Authority*: Ninth Circuit's Manual of Model Criminal Jury Instructions 4.8 (Knowingly)

---

[2]  This instruction should be included in the elements instructions for falsification of records only.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 11**

**Exhibit F**

**Proposed Instruction 32: Corruptly[3]**

"Corruptly" means to act with consciousness of wrongdoing while engaging in wrongful, immoral, depraved, or evil conduct. You may find the defendant acted corruptly if you find beyond a reasonable doubt that the defendant's conduct was motivated by an inappropriate or improper purpose.

*Authority*: Ninth Circuit's Manual of Model Criminal Jury Instructions 4.12 (Corruptly); Comments to Ninth Circuit's Manual of Model Criminal Jury Instructions 19.5 (supplying a jury instruction for "corruptly" appropriately used for prosecution under other statute); *United States v. Hakimian*, No. CR-09-0021 DLJ, 2010 U.S. Dist. LEXIS 76281, at *19-20 (N.D. Cal. July 1, 2010) (considering definitions for "corruptly" under § 1512 as "conduct motivated by an inappropriate or improper purpose" and "associated with wrongful, immoral, depraved, or evil conduct") (citations omitted).

---

[3] This instruction should be included in the elements instructions for tampering with documents only.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 12**

**Exhibit G**

**Proposed Instruction 51: Count One—Deprivation of Rights Under Color of Law**

The defendant Joseph Alan Hoadley is charged in Count One of the Indictment with deprivation of rights under color of law.

Title 18, United States Code, Section 242 provides that a person may be prosecuted for acting "under color of any law, statute, ordinance, regulation, or custom," and "willfully subject[ing] any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," resulting in bodily injury.

Authority: 18 U.S.C. § 242 (statutory language).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 13**

**Exhibit H**

**Proposed Instruction 52: Deprivation of Rights Under Color of Law—Essential Elements**

Count One of the Indictment charges that on or about March 30, 2017, the defendant, while acting under color of law as a lieutenant and police officer with the Caldwell City Police Department, in the District of Idaho, willfully deprived arrestee B.H. of the right, secured by the United States Constitution, to be free from unreasonable seizures through the use of excessive force during an arrest, resulting in bodily injury, in violation of 18 U.S.C. § 242.

In order to convict a defendant of a deprivation of rights under color of law, the government must prove beyond a reasonable doubt each of the following four elements:

- First, the defendant was acting under the color of law;

- Second, the defendant's conduct deprived B.H. of a federal right, namely the Fourth Amendment right to be free from excessive, unreasonable force during an arrest;

- Third, the defendant acted willfully, with the specific intent to deprive B.H. of his constitutional rights; and

- Fourth, the defendant's use of force caused B.H. to suffer bodily injury.

*Authority*: 18 U.S.C. § 242 (elements of offense); *Graham v. Connor*, 490 U.S. 386, 396 (finding excessive, unreasonable force violates the Fourth Amendment); *United States v. Koon*, 34 F.3d 1416, 1449 (9th Cir. 1994) (defining willfulness as the specific intent to violate the constitution) (citing *United States v. Reese*, 2 F.3d 870, 881 (9th Cir. 1993)).

**Exhibit I**

**Proposed Instruction 53: Count One, Element One—Color of Law**

The government must prove beyond a reasonable doubt that the defendant acted under the color of law while committing a deprivation of rights. A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

*Authority*: 18 U.S.C. § 242 (includes acting under color of law); Ninth Circuit Manual of Model Civil Jury Instructions 9.3 (Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof).

**Exhibit J**

**Proposed Instruction 54: Count One, Element Two—Federal Right at Issue—Right to be Free from Unreasonable Seizures**

To convict the defendant under 18 U.S.C. § 242, the government must prove beyond a reasonable doubt that the defendant deprived B.H. of a federal right. The right named in Count One of the indictment is the right to be free from the intentional use of unreasonable force by one acting under color of law.

The Fourth Amendment prohibits unreasonable seizures of the person. This protection includes the right not to be subjected to excessive force during an arrest, because excessive force is unreasonable.

However, not all force is unreasonable. Under the Fourth Amendment, the right of a law enforcement officer to make an arrest necessarily carries with it the right to use some degree of physical coercion to effect the arrest.

To decide whether the force used during an arrest is unreasonable and violates the Fourth Amendment, the question is whether the totality of the circumstances of the arrest justified the officer's use of force under those circumstances.

*Authority*: 18 U.S.C. § 242; *Graham v. Connor*, 490 U.S. 386, 394 (1989) (noting the Fourth Amendment prohibits unreasonable seizures of the person, and reasonableness includes how a seizure is carried out); *id.* at 396 (recognizing "that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it") (citation omitted); *id.* (the test for unreasonable force involves deciding "whether the totality of the circumstances justifies the force used during the arrest ").

**Exhibit K**

**Proposed Instruction 55: Count One, Element Two—Reasonableness of Force**

To test whether the force used during an arrest violates the Fourth Amendment, the question is whether the totality of the circumstances faced by the defendant during the arrest justified his use of force. To answer that question, you must consider the evidence of what occurred during the arrest to decide whether the defendant's actions were objectively reasonable in light of the facts and circumstances confronting him. Reasonable force does not violate the Fourth Amendment. Unreasonable force, however, can lead to a constitutional violation.

This inquiry is objective, meaning you should not regard the defendant's underlying intent or motivation in deciding whether any use of force was reasonable. Instead, the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene facing the same circumstances.

This means you should consider the facts and circumstances faced by the officer at the time of the arrest to decide if he behaved reasonably, rather than considering the decisions of the officer with the 20/20 vision of hindsight. The totality of circumstances of the arrest includes *all* the facts and circumstances of the arrest. For example, you may consider (among other facts) the severity of the crime at issue, whether the arrestee posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.

After considering the totality of circumstances, if you find that the defendant used reasonable force, you must find the defendant Not Guilty of Count One without proceeding to Count One, Element Three. If, however, you find under the totality of circumstances that the defendant used objectively unreasonable force in violation of the Fourth Amendment, you must

next consider Count One, Element Three – whether the defendant acted willfully, that is, with the specific intent to violate the arrestee's rights.

*Authority*: *Graham v. Connor*, 490 U.S. 386, 396 (1989) (noting the test to determine if the force used in the course of an arrest is objectively unreasonable in violation of the Fourth Amendment, the question is whether the totality of the circumstances justifies the force used during the arrest); *id.* at 397 ("the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"); *id.* at 396 ("careful attention" should be paid to the facts and circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"); *id.* ("The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *United States v. Reese*, 2 F.3d 870, 884 (9th Cir. 1993) (finding the threshold question for a violation of § 242 is whether a constitutional deprivation occurred, and willfulness should only be considered if a constitutional violation is proven).

**Exhibit L**

**Proposed Instruction 56: Count One, Element Three—Willfully**

If you find the defendant used unreasonable force during the arrest, the government must also prove beyond a reasonable doubt that the defendant inflicted the force "willfully." To determine whether this element has been established, you should consider all the circumstances surrounding the encounter between B.H. and the defendant, along with the defendant's actual intention and purpose for using force during the arrest.

An act is done willfully if it is done voluntarily and intentionally. The action must also be taken with a specific intent to do something this law forbids, meaning the intent to violate a protected right. You may find the defendant acted willfully if you find he specifically intended to use more force than is reasonable with the purpose of violating B.H.'s constitutional rights.

You may also find the defendant acted willfully if he recklessly disregarded a specific and definite constitutional requirement. Reckless disregard is established if the government proves the defendant engaged in intentionally wrongful conduct that contravenes a clearly defined constitutional right. This means the government need not prove that the defendant was thinking in constitutional terms at the time of the violation, as long as you find the defendant intentionally violated a specific and definite defined constitutional right belonging to B.H.

Negligence or inadvertence do not amount to willfulness. The government must prove beyond a reasonable doubt that the defendant acted deliberately and intentionally, rather than accidentally, carelessly, or unintentionally.

It is not enough to find the defendant had a generally bad purpose or intended to use force that you have found to be unreasonable. Rather, to find the defendant acted willfully, you must

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 19**

find beyond a reasonable doubt acted with the purpose and specific intention of depriving B.H. of a constitutional right to be free from excessive force.

If you find the defendant did not act willfully, you must find the defendant Not Guilty of Count One.

If, however, the evidence proves beyond a reasonable doubt that the defendant's conduct was willful, you may move on to consider Count One, Element Four (bodily injury).

*Authority*: *United States v. Koon*, 34 F.3d 1416, 1449-50 (9th Cir. 1994) (affirming a jury instruction reading, "'[a]n act is done willfully if it is done voluntarily and intentionally, and with a specific intent to do something this law forbids,' meaning 'an intent to violate a protected right.'"); *id.* ("the required specific intent is the intent to use more force than is reasonable under all of the circumstances"); *United States v. Reese*, 2 F.3d 870, 881 (9th Cir. 1993) (finding the definition for "reckless disregard" encompasses "intentionally wrongful conduct that contravenes a right definitely established in law") (citing *Screws v. United States*, 325 U.S. 91, 106 (1945); *Koon*, 34 F.3d at 1449 ("government need not prove that a defendant was "thinking in constitutional terms" at the time of the violation if a reckless disregard of a specific and definite constitutional requirement is proven"); *id.* (finding willfulness is not proven by a defendant acting "accidentally, carelessly or unintentionally," because negligence or inadvertence do not amount to willfulness); Screws, 325 U.S. 106-07 (willfulness requires proving the defendant had the purpose of depriving a person of a constitutional right).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 20**

**Exhibit M**

**Proposed Instruction 57: Count One, Element Four—Bodily Injury**

The government has charged the defendant with a deprivation of rights under color of law, leading to bodily injury. Therefore, the government must prove beyond a reasonable doubt that the defendant's use of force during the arrest caused B.H. to suffer bodily injury.

If you do not find beyond a reasonable doubt that B.H. suffered bodily injury, you must find the defendant ***Not Guilty*** of Count One.

*Authority*: 18 U.S.C. § 242 (element of bodily injury required for offense as charged).

**Exhibit N**

**Proposed Instruction 58: Destruction, Alteration, or Falsification of Records in Federal Investigation (18 U.S.C. § 1519)**

The defendant Joseph Alan Hoadley is charged in Count Two of the Indictment with destruction, alteration, or falsification of records in federal investigations.

Title 18, United States Code, Section 1519 provides that a person may be prosecuted if that person "knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case."

*Authority*: 18 U.S.C. § 1519 (statutory language).

**Exhibit O**

**Proposed Instruction 59: Count Two—Falsification of Records in Federal Investigations—Essential Elements**

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1519 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly altered, destroyed, concealed, or falsified a record, document or tangible object; and

Second, the defendant acted with the intent to impede, obstruct, or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice. However, if you find one of the defendant's intentions was to obstruct justice, the government must prove beyond a reasonable doubt that the defendant's intention to obstruct justice was substantial.

*Authority*: Comments to Ninth Circuit's Manual of Model Criminal Jury Instructions 19.4 (Obstruction of Justice—Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy (18 U.S.C. § 1519) (indicating last paragraph should be included if evidence shows defendant had more than one intention when engaging in the challenged conduct).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 23**

**Exhibit P**

**Proposed Instruction 60: Count Two, Element One—Knowing Falsification of a Record**

To find the defendant guilty of Count Two, the government must prove beyond a reasonable doubt that the defendant knowingly falsified or destroyed a record.

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Reports prepared by law enforcement officers qualify as "records" or "documents." An omission in a record can be considered a falsification, if it is done knowingly rather than through ignorance, mistake, or accident.

Even when the evidence shows a defendant had the intention to obstruct justice, the government still must prove that the defendant *actually* altered, destroyed, concealed, or falsified a record and document, or other tangible object used to record or preserve information.

*Authority*: 18 U.S.C. § 1519; Ninth Circuit's Manual of Model Criminal Jury Instructions 4.8 (Knowingly); *United States v. Gonzalez*, 906 F.3d 784, 794 (9th Cir. 2018) (noting reports prepared by law enforcement officers are "records" or "documents"); *United States v. Katakis*, 800 F.3d 1017, 1030 (9th Cir. 2015) (finding actual falsification is required, even if defendant acted with intent to obstruct).

**Exhibit Q**

**Proposed Instruction 61: Count Two, Element Two—Intent to Impede a Federal Investigation**

If the government has shown the defendant actually and knowingly falsified a record or document, the government must also prove beyond a reasonable doubt that the defendant falsified a record with the intent to impede, obstruct, or influence a federal investigation.

Federal investigations include actual or contemplated investigations of matters within the jurisdiction of any department or agency of the United States.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice. However, if you find one of the defendant's intentions was to obstruct justice, the government must prove beyond a reasonable doubt that the defendant's intention to obstruct justice was substantial.

*Authority*: 18 U.S.C. § 1519 (elements); Ninth Circuit's Manual of Model Criminal Jury Instructions 19.4 (Obstruction of Justice—Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy (18 U.S.C. § 1519)); Comments to Ninth Circuit Model Jury Instruction 19.4 (indicating last paragraph should be included if evidence shows defendant had more than one intention when engaging in the challenged conduct).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 25**

**Exhibit R**

**Proposed Instruction 62: Tampering with a Witness by Harassment (18 U.S.C. § 1512(d)(2))**

The defendant Joseph Alan Hoadley is charged in Count Three of the Indictment with tampering with a witness by harassment.

Title 18, United States Code, Section 1512(d)(2) provides that a person may be prosecuted if that person "intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings, or attempts to do so."

*Authority*: 18 U.S.C. § 1512(d)(2) (statutory language).

**Exhibit S**

**Proposed Instruction 63: Count Three—Tampering with a Witness by Harassment—Essential Elements**

Count Three of the Indictment charges that on or around June 21, 2021, the defendant intentionally harassed C.H., thereby attempting to hinder, delay, and dissuade C.H. from reporting to a law enforcement officer a federal offense, namely deprivation of rights under color of law, in violation of 18 U.S.C. § 1512(d)(2).

In order to convict a defendant of tampering with a witness by harassment, the government must prove beyond a reasonable doubt each of the following elements:

- First, the defendant intentionally harassed C.H.; and

- Second, the defendant's intentional harassment hindered, delayed, prevented, or dissuaded C.H. from reporting to a law enforcement officer of judge of the United States the commission or possible commission of a federal offense, or attempted to do so.

*Authority*: 18 U.S.C. § 1512(d)(2).

**Exhibit T**

**Proposed Instruction 64: Count Three, Element One—Intentional Harassment**

To convict Joseph Hoadley of Count Three, the government must prove beyond a reasonable doubt that the defendant engaged in intentional, coercive harassment of C.H. and that he harassed C.H. with the intent to prevent him from reporting the defendant committed a federal crime, that being the deprivation of rights under color of law.

Authority: 18 U.S.C. § 1512(d)(2); *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 821 (9th Cir. 2016) (finding that government must prove defendant had the intent to interfere with a specific act associated with a tribunal or investigation, for obstruction of justice offenses that do not require government to prove actual interference with the case); *United States v. Kulczyk*, 931 F.2d 542, 546 (9th Cir. 1991) (finding harassment under § 1512(d) does not include merely "urging and advising" a witness to give false testimony, but it does require proof of coercive conduct).

**Exhibit U**

**Proposed Instruction 65: Count Three, Element Two—Hinders, Delays, Prevents, or Dissuades a Person from Reporting a Federal Crime to a Law Enforcement Officer or Judge of the United States**

To sustain a conviction under § 1512(d)(2), the government need not show the defendant actually prevented a witness from testifying, but the government must prove beyond a reasonable doubt that the defendant's intentional harassment hindered, delayed, prevented, or dissuaded C.H. from reporting a federal crime to a federal law enforcement officer or judge, or attempted to do so.

The defendant is alternatively charged in the indictment with attempting to commit witness tampering.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the government must prove the defendant intended to interfere with the investigation by hindering, delaying, preventing, or dissuading C.H. from reporting a federal offense; and,

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

*Authority*: 18 U.S.C. § 1512(d)(2); United States v. Willard, 230 F.3d 1093, 1095 (9th Cir. 2000) (finding a defendant need not actually prevent a witness from testifying); Ninth Circuit's Manual of Model Criminal Jury Instructions 4.4 Attempt; *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 821 (9th Cir. 2016) (finding that government must prove defendant had the intent to interfere

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 29**

with a specific act associated with a tribunal or investigation, for obstruction of justice offenses that do not require government to prove actual interference with the case).

**Exhibit V**

**Proposed Instruction 66: Tampering with Documents (18 U.S.C. § 1512(c)(1))**

The defendant Joseph Alan Hoadley is charged in Count Four of the Indictment with tampering with documents. Title 18, United States Code, Section 1512(c)(1) provides a person may be prosecuted if that person "corruptly alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding."

*Authority*: 18 U.S.C. § 1512(c)(1) (statutory language).

**Exhibit W**

**Proposed Instruction 67: Count Four—Tampering with Documents—Essential Elements**

Count Four of the Indictment charges that on or around April 20, 2022, the defendant corruptly altered, destroyed, mutilated, and concealed a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, namely United States v. Hoadley, Case No. 1:22-CR-56, a matter pending before the U.S. District Court for the District of Idaho, in violation of 18 U.S.C. § Section 1512(c)(1).

In order to convict a defendant of tampering with documents, the government must prove beyond a reasonable doubt each of the following four elements:

- First, the defendant acted corruptly;

- Second, the defendant altered, destroyed, mutilated, and concealed a record, document, or other object, or attempted to do so;

- Third, the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding; and

- Fourth, there is a nexus between the obstructive conduct and the proceeding.

*Authority*: 18 U.S.C. § 1512(c)(1) (elements of tampering with documents); Comments to Ninth Circuit's Manual of Model Criminal Jury Instructions 19.5 (nexus requirement); *United States v. Ortiz*, 220 F. App'x 13, 16-17 (2d Cir. 2007) (contemplating nexus requirement for § 1512(c)(1)); *United States v. Matthews*, 505 F.3d 698, 707-709 (7th Cir. 2007) (requiring showing of nexus for both § 1512(c)(1) and § 1512(c)(2)).

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 32**

**Exhibit X**

**Proposed Instruction 68: Count Four, Element One—Corruptly**

"Corruptly" means to act with consciousness of wrongdoing while engaging in wrongful, immoral, depraved, or evil conduct. You may find the defendant acted corruptly if you find beyond a reasonable doubt that the defendant's conduct was motivated by an inappropriate or improper purpose.

*Authority*: Comments to Ninth Circuit's Manual of Model Criminal Jury Instructions 19.5 (supplying a jury instruction for "corruptly" appropriately used for prosecution under other statute); *United States v. Hakimian*, No. CR-09-0021 DLJ, 2010 U.S. Dist. LEXIS 76281, at *19-20 (N.D. Cal. July 1, 2010) (considering definitions for "corruptly" under § 1512 as "conduct motivated by an inappropriate or improper purpose" and "associated with wrongful, immoral, depraved, or evil conduct") (citations omitted).

**Exhibit Y**

**Proposed Instruction 69: Count Four, Element Two—Alters, Destroys, Mutilates, or Conceals a Record, Document, or Other Object**

The government must prove beyond a reasonable doubt that the defendant altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so.

*Authority*: 18 U.S.C. § 1512(c)(1).

**Exhibit Z**

**Proposed Instruction 70: Count Four, Element Three—Intent to Impair Object's Integrity or Availability for Use in an Official Proceeding**

You may only convict the defendant for § 1512(c)(1) if the government proves beyond a reasonable doubt that he acted with the intent to impair the availability of a record, document, or object for use in an official proceeding, namely this case.

It is not enough to find the defendant altered, destroyed, mutilated, or concealed a record or document related to this case. You must also find beyond a reasonable doubt that he engaged in that conduct with the intent to interfere with a specific act associated with this case.

*Authority*: *Valenzuela Gallardo v. Lynch*, 818 F.3d 808, 821 (9th Cir. 2016) (finding that government must prove defendant had the intent to interfere with a specific act associated with a tribunal or investigation, for obstruction of justice offenses that do not require government to prove actual interference with the case).

**Exhibit AA**

**Proposed Instruction 71: Count Four, Element Four—Nexus**

Obstruction offenses require a showing of "nexus" between the obstructive conduct and the proceeding, meaning the obstructive conduct is connected to a specific official proceeding that was either pending or was reasonably foreseeable to the defendant when he engaged in the conduct. This means the evidence must prove beyond a reasonable doubt that the defendant's conduct had a relationship in time, causation, or logic with the judicial proceedings of this case, and the defendant believed his acts will be likely to affect a pending or foreseeable proceeding.

*Authority*: *United States v. Aguilar*, 515 U.S. 593, 599 (1995) (defining "nexus" for obstruction of justice as "a relationship in time, causation, or logic with the judicial proceedings"); *United States v. Matthews*, 505 F.3d 698, 707-09 (7th Cir. 2007) (finding the nexus applies with equal logic under both § 1512(c)(1) and § 1512(c)(2), and requiring proof beyond a reasonable doubt that the defendant "must believe that his acts will be likely to affect a pending or foreseeable proceeding") (citations omitted).

Dated this 12th day of September 2022.

//s//_____
Charles F. Peterson
Attorney for Defendant

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 36**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 12th day of September 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by email:

Rafael M. Gonzalez, Jr.
Acting United States Attorney
Katherine L. Horwitz
Assistant United States Attorney
Kate.horwitz@usdoj.gov

//s//_____
Charles F. Peterson

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS – 37**