JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br> vs.<br><br>JOSEPH ALAN HOADLEY,<br><br>     Defendant. | Case No. 1:22-cr-00056-SWS |

GOVERNMENT'S PROPOSED
JURY INSTRUCTIONS AND VERDICT FORMS

   The United States submits the following proposed jury instructions and requests leave of

Court to submit additional proposed jury instructions as they may become appropriate.

Government's Proposed Jury Instructions—1

JURY INSTRUCTION NO. _____

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by assistant United States attorneys, Kate Horwitz and Frank Zebari.  The defendant, Joseph Alan Hoadley, is represented by his lawyer, Chuck Peterson.

The indictment charges the defendant with depriving a detainee of his constitutional right to be free from unreasonable seizures through the use of excessive force; false reporting of that charge; harassment of a witness; and destruction of data.  The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously and that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you.  Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Government's Proposed Jury Instructions—2

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

Government's Proposed Jury Instructions—3

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, I will instruct you on the rules of law which you are to use in reaching your verdict.

The final part of the trial occurs when the government and the defense are each given time for their final arguments.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information

Government's Proposed Jury Instructions—4

about the trial to anyone outside the courtroom until the verdict is received.  Do not use the internet or any other form of electronic communication to provide any information.  Simply put, do not communicate with anyone about the trial until your verdict is received.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information or do any research on your own.  Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media.  The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

JURY INSTRUCTION NO.

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case and which will guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations. You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel may quite properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

Government's Proposed Jury Instructions—6

You were chosen as a juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the plea of not guilty by the defendant.

In deciding the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

JURY INSTRUCTION NO.

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  Likewise, comments and questions of the Court are not evidence.

You must base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.   Inferences are simply deductions or conclusions which reason and common sense may lead you to draw from the evidence received in the case.

JURY INSTRUCTION NO.

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 12.07 (6th ed. 2008).

JURY INSTRUCTION NO.

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of a defendant.

1A O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 20.01 (6th ed. 2008).

JURY INSTRUCTION NO.
Charge Against Defendant Not Evidence—
Presumption of Innocence—Burden of Proof

The indictment is not evidence.  The defendant has pleaded not guilty to the charge[s].

The defendant is presumed to be innocent unless and until the government proves the defendant

guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present

any evidence.  The defendant does not have to prove innocence; the government has the burden

of proving every element of the charge[s] beyond a reasonable doubt.

*Ninth Circuit Model Jury Instruction 6.2*

Government's Proposed Jury Instructions—11

JURY INSTRUCTION NO.

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

A form of verdict has been prepared for your convenience and reads as follows:

[*The verdict or a summary can be read to the jury*]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff(s) that [he][she][they] too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 20.01 (6th ed. 2008).

Government's Proposed Jury Instructions—13

JURY INSTRUCTION NO.
Reasonable Doubt – Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*Ninth Circuit Model Jury Instruction 6.5*

Government's Proposed Jury Instructions—14

JURY INSTRUCTION NO.
Defendant's Decision Not to Testify

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

*Ninth Circuit Model Jury Instructions 6.3*

Government's Proposed Jury Instructions—15

JURY INSTRUCTION NO.
Defendant's Decision to Testify


The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

*Ninth Circuit Model Jury Instructions 6.4*

JURY INSTRUCTION NO.
What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence.

*Ninth Circuit Model Jury Instruction 6.6*

Government's Proposed Jury Instructions—17

JURY INSTRUCTION NO.
What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.       Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.       Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.       Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

*Ninth Circuit Model Jury Instruction 6.7*

JURY INSTRUCTION NO.
Direct & Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*Ninth Circuit Model Jury Instruction 6.8*

Government's Proposed Jury Instructions—19

JURY INSTRUCTION NO.
Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Government's Proposed Jury Instructions—20

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Ninth Circuit Model Jury Instruction 6.9*

Government's Proposed Jury Instructions—21

JURY INSTRUCTION NO.
Separate Consideration of Multiple Counts – Single Defendant

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

*Ninth Circuit Model Jury Instruction 6.11*

Government's Proposed Jury Instructions—22

JURY INSTRUCTION NO.
"On or About" – Defined

The indictment charges that the offenses alleged therein were committed "on or about" a certain date or dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged, it is not necessary for the government to prove that the offenses were committed precisely on the date or dates charged.

*Ninth Circuit Model Jury Instruction 6.18 (revised)*

JURY INSTRUCTION NO.
Statements by Defendant

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

*Ninth Circuit Model Jury Instruction 3.1*

Government's Proposed Jury Instructions—24

JURY INSTRUCTION NO.
Other Acts of Defendant

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, willfulness, and motive, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

*Ninth Circuit Model Jury Instruction 3.3 (revised)*

JURY INSTRUCTION NO.
Opinion Evidence—Expert Witness

You [have heard] [are about to hear] testimony from Tom Paschal who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Ninth Circuit Model Jury Instruction 3.14 (revised)*

JURY INSTRUCTION NO.
Charts and Summaries Not Admitted into Evidence

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Ninth Circuit Model Jury Instruction 3.16*

JURY INSTRUCTION NO.
Summary of the Charges

I will next give you a series of instructions regarding the elements of each charge alleged in this case. Before doing so, I will give you a brief overview of the charges.

As I have explained earlier, this is a criminal case brought by the United States government against Defendant Joseph Alan Hoadley.

In this case, the Government alleges that Defendant Hoadley, an officer and Lieutenant with the Caldwell Police Department, used excessive force during the detainment and arrest of B.H. and falsified a report describing his use of force on B.H.   The Government also alleges that Defendant Hoadley harassed a witness during the course of the Federal Bureau of Investigation's (FBI's) investigation into his use of excessive force, and deleted or altered data on his department-issued cellphone or laptop to obstruct the criminal case and investigation into him. He has pled not guilty to all of these charges.

JURY INSTRUCTION NO.
Count One:  Deprivation of Rights Under Color of Law

Count One of the indictment charges the defendant with deprivation of rights under color of law. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant was acting under color of law;

2.  The defendant deprived B.H. of a right which is secured or protected by the Constitution and laws of the United States—in this case, his right to be free from the use of unreasonable force; and

3.  The defendant acted willfully, intending to deprive B.H. of this right.

A person acts under "color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

Under the Fourth Amendment, a person has a right to be free from the use of unreasonable force by law enforcement officers.  A police officer may only use such force as is objectively reasonable under all of the circumstances.  Unreasonable force is physical force used without a legitimate law enforcement purpose, or physical force that unreasonably exceeds the need for the force.  Evaluating whether a law enforcement officer used excessive force requires careful attention to the facts and circumstances of each particular case, including, but not limited to, the severity of the crime at issue at the time force was used, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. The reasonableness of a particular use of force must be

judged from the prospective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

An act is done willfully if it is done voluntarily and intentionally and with a specific intent to do something that the law forbids—in this case, with the intent to violate a specific protected right. The government is not required to prove that the defendant knew this right was secured by the Constitution and laws of the United States. Where a defendant is charged with intentionally using unreasonable force, the requisite specific intent is the intent to use more force than is necessary under the circumstances.

If you find the Defendant guilty of Count One, you will be asked to determine whether B.H. sustained any "bodily injury" during the use of excessive force on the verdict form. "Bodily injury" in this context means any physical pain, including minor or temporary injuries.

Instruction 15, *United States v. Gonzalez, et al.*, Case No. 2:13-cr-00574-DSF, ECF 256, at 17–18 (C.D. Cal. June 24, 2015); *United States v. Meyers*, 972 F.2d 1566, 1572 (11th Cir. 1993); *United States v. DiSantis*, 565 F.3d 354, 360–61 (7th Cir. 2009); *United States v. Reese*, 2 F.3d 870, 881 (9th Cir. 1993) ("Intentionally wrongful conduct, because it contravenes a right definitely established in law, evidences a reckless disregard for that right; such reckless disregard, in turn, is the legal equivalent of willfulness.").

Government's Proposed Jury Instructions—30

JURY INSTRUCTION NO.
Count Two:  Falsification of Records

Count Two of the indictment charges the defendant with falsification of records. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant knowingly falsified or made false entries into a record, document, or tangible object;

2.  The defendant acted with the intent to impede, obstruct, or influence an investigation or proper administration of any matter that he either knew of or contemplated; and

3.   The investigation or matter was within the jurisdiction of the United States Department of Justice or Federal Bureau of Investigation.

The government is not required to prove that the defendant knew about a pending federal investigation or intended to obstruct a specific federal investigation, but the government is required to prove beyond a reasonable doubt that the matter or investigation at issue was within the federal government's jurisdiction.

Instruction 17, *United States v. Gonzalez, et al.*, Case No. 2:13-cr-00574-DSF, ECF 256, at 20 (C.D. Cal. June 24, 2015); *See, e.g.*, *United States v. Gonzales,* 906 F.3d 784, 795–96 (9th Cir. 2018); *United States v. Singh*, 979 F.3d 697, 719 (9th Cir. 2020); *see also United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012).

JURY INSTRUCTION NO.
Count Three:  Tampering with a Witness by Harassment

Count Three of the indictment charges the defendant with tampering with a witness by harassment.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant intentionally harassed another person;

2.  To hinder, delay, prevent, or dissuade that person from reporting to a law enforcement officer;

3.  The commission or possible commission of a federal offense.

The government is not required to prove that the defendant knew about a pending federal investigation or intended to obstruct a specific federal investigation, but the government is required to prove beyond a reasonable doubt that the matter or investigation at issue was within the federal government's jurisdiction.  The government is not required to prove that the defendant actually prevented the person from reporting the crime.

*United States v. Dooley*, 719 F. App'x 604, 606 (9th Cir. 2018); 18 U.S.C. § 1512(d)(2), § 2; *see United States v. Willard*, 230 F.3d 1093, 1095 (9th Cir. 2000).

JURY INSTRUCTION NO.
Count Four:  Tampering with Documents

Count Four of the indictment charges the defendant with tampering with documents.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant altered, concealed, or destroyed a record, document or other object, or attempted to do so;

2.  The defendant acted corruptly in doing so; and

3.  The defendant acted with the intent to impair the record, document, or other object's integrity or availability for use in an official proceeding.

An "official proceeding" includes a proceeding before a federal judge, federal court, or federal grand jury.  An official proceeding need not be pending or about to be instituted at the time of the offense, but the defendant must have contemplated the proceeding. If the defendant lacks knowledge that his actions are likely to affect an official proceeding, he lacks the requisite intent to tamper with evidence.

"Corruptly" means the defendant knows that he is likely to accomplish his intention to impair the record, document, or other object's integrity or availability for use in an official proceeding.

Instruction 17, *United States v. White Horse*, Case No. 3:20-cr-30058-RAL, ECF 193, at 19 (D.S.D. June 24, 2021); *United States v. White Horse*, 35 F.4th 1119, 1122–23 (8th Cir. 2022).

JURY INSTRUCTION NO.
Aiding and Abetting

The defendant may be found guilty of even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

*First*, someone else committed ;

*Second*, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of tampering with a witness by harassment;

*Third*, the defendant acted with the intent to facilitate the crime of tampering with a witness by harassment; and

*Fourth*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate a crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely who actually committed the crime and who aided and abetted.

*Ninth Circuit Model Jury Instruction 4.1 (revised)*

Government's Proposed Jury Instructions—34

JURY INSTRUCTION NO.
Verdict Forms

A Verdict Form has been prepared. For your convenience, each juror has a copy of each verdict form. Additionally, you will be supplied with a separate, clean copy of each verdict form which you will fill in and return to the Court.

You will take this Verdict Form with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign all seven Verdict Form which sets forth the verdict upon which you agree.  You will then return with your verdict to the courtroom.

We will now hear the closing arguments of counsel after which I will give you a few brief closing instructions.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00056-SWS |
| Plaintiff, | |
| v. | **VERDICT** |
| JOSEPH ALAN HOADLEY, | |
| Defendant. | |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with deprivation of rights under color of law, in violation of 18 U.S.C. § 242, the defendant is:

_____                    _____
Guilty                                       Not Guilty

*If you found the defendant guilty of Count 1, proceed to answer question 2. If you found the defendant not guilty, skip question 2, and proceed to question 3:*

**Question 2:** In finding defendant guilty of Count 1, did the Defendant cause bodily injury to B.H.:

_____ Yes
_____ No

**Question 3**: As to **Count 2** of the indictment, charging the defendant with alteration of reports, in violation of 18 U.S.C. § 1519, the defendant is:

_____                    _____
Guilty                                      Not Guilty


**Question 4**: As to **Count 3** of the Indictment, charging the defendant with attempted harassment of a witness, in violation of 18 U.S.C. § 1512(d)(2), the defendant is:

_____                    _____
Guilty                                      Not Guilty


**Question 5**: As to **Count 4** of the Indictment, charging the defendant with destruction of record, in violation of 18 U.S.C. § 1512(c)(1), the defendant is:

_____                    _____
Guilty                                      Not Guilty